# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1924
_____

National Labor Relations Board,                    *
                                                   *
                  Petitioner,                       *
                                                   *
      v.                                            *
                                                   *
McGuire Plumbing and Heating, Inc.,                *
                                                   *
                  Respondent.                       *


_____                    On Petition for Review from
                               National Labor Relations Board.
No. 04-2114
_____                            [UNPUBLISHED]


National Labor Relations Board,                    *
                                                   *
                  Respondent,                       *
                                                   *
      v.                                            *
                                                   *
McGuire Plumbing and Heating, Inc.,                *
                                                   *
                  Petitioner.                       *
                               _____


                    Submitted:  January 10, 2005
                        Filed:  January 19, 2005
                               _____

Before WOLLMAN, FAGG, and BYE, Circuit Judges.

_____

PER CURIAM.

An administrative law judge (ALJ) found McGuire Plumbing & Heating, Inc. unlawfully refused to hire two union members, Dale Hankins and Robert Vance. McGuire was ordered to take affirmative action to make Hankins and Vance whole for any loss of earnings. McGuire Plumbing did not file any exceptions with the Board, the Board summarily adopted the ALJ's decision, and we summarily entered a judgment enforcing the Board's order. A dispute about the amount of backpay arose. After a hearing, an administrative law judge (ALJ) determined the applicable back pay period, the hours Hankins and Vance would have worked, and their wage rates. The Board affirmed the ALJ's decision. McGuire now petitions for review and the NLRB seeks enforcement.

McGuire raises eight arguments challenging the back pay orders. McGuire's arguments are not properly before us. McGuire Plumbing's claim that the company would not have hired Vance was resolved against the company in the underlying unfair labor practice proceeding and cannot be relitigated in this compliance proceeding. NLRB v. Laredo Packing Co., 730 F.2d 405, 407 (8th Cir. 1984). McGuire Plumbing did not raise most of its remaining arguments in exceptions before the Board and offers no extraordinary reasons for failing to do so. Thus, we lack jurisdiction to consider them. Cobb Mech. Contractors, Inc. v. NLRB, 295 F.3d 1370, 1377 (D.C. Cir. 2002). McGuire Plumbing raised one issue in exceptions to the Board that was not decided in the underlying unfair labor practice proceeding: that backpay was excessive because the backpay period failed to account for the company's typical employment cycle and normal pattern of employee hires, discharges, and involuntary terminations. The Board considered the issue and resolved it against the company. Because McGuire Plumbing did not raise the issue

in its opening brief, we decline to consider it.  <u>See</u> <u>United States v. Brown</u>, 108 F.3d 863, 867 (8th Cir. 1997).

We thus deny the petition for review and enforce the Board's backpay order.

_____